UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEITH L. JOLLY,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 3:19-cv-723-J-39JBT

DEBORA ELLIS-BAILEY, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL

Plaintiff Keith L. Jolly, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names as Defendants four corrections officers at the Duval County Jail. In his Complaint, Plaintiff asserts First and Fourth Amendment violations stemming from alleged mail tampering and theft. As to the claim of mail tampering, Plaintiff alleges Defendant Ellis-Bailey retrieved a letter from his pocket on April 18, 2016, and kept the letter as "contraband." See Complaint at 5.[1] According to Plaintiff, later that same day, Defendant Ellis-Bailey searched his cell for other letters and, finding none, directed Defendant Perkins to monitor his outgoing mail. Id. at 7. Plaintiff contends his outgoing mail was monitored through April 22, 2016, during which time officers intercepted two letters Plaintiff wrote to his son, which were then sent to the

---

[1] Plaintiff provides an email written by Defendant Ellis-Bailey to a superior officer, which confirms Defendant Ellis-Bailey discovered contraband on Plaintiff during recreation. See Complaint at 6.

prosecutor in his criminal case. Id. at 9, 24, 31.[2] As to the theft claim, Plaintiff asserts Defendant Peoples either misplaced or stole a payroll check he had in his property. Id. at 18. Plaintiff claims he suffered a mental breakdown from the stress caused by the events. He seeks only punitive damages. Id. at 33.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). In reviewing a pro se plaintiff's pleadings, a court must liberally

---

[2] In the trial court, Plaintiff moved to have the letters suppressed. See Complaint at 29-30. Plaintiff filed the motion pro se even though he was represented by counsel. Id. at 29. According to Plaintiff, his attorney refused to file a motion to suppress on his behalf. Id. at 28. Plaintiff asserts the judge denied his motion to suppress but "told the prosecutor that he could not use [Plaintiff's] outgoing mail to get a conviction." Id. at 31.

2

construe the plaintiff's allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Of note, this is Plaintiff's third attempt to raise these claims. See Case Nos. 3:18-cv-214-J-32MCR; 3:19-cv-72-J-25JBT. The Court dismissed Plaintiff's two prior cases without prejudice for Plaintiff's failure to state a claim. See Order (Doc. 20), Case No. 3:18-cv-214-J-32MCR; Order (Doc. 5), Case No. 3:19-cv-72-J-25JBT. In both dismissal orders, the Court explained Plaintiff was precluded from recovering punitive damages under the PLRA because he alleged no physical injury. Id. The Court also found Plaintiff's allegations failed to state a federally cognizable claim.

Plaintiff's Complaint again is subject to dismissal. As to Plaintiff's suggestion that his cell was unlawfully searched, he fails to state a claim under the Fourth Amendment. Pre-trial detainees and prisoners enjoy a lowered expectation of privacy than those who are not incarcerated. See Hudson v. Palmer, 468 U.S. 517, 527-28 (1984) ("[T]he Fourth Amendment's proscription against unreasonable searches does not apply within the confines of the prison cell."); Bell v. Wolfish, 441 U.S. 520, 546, 556-57 (1979) (holding the warrantless search of a pretrial detainee's "room" did not violate the Fourth Amendment).[3]

---

[3] Plaintiff identifies violations of the First and Fourth Amendments only. See Complaint at 3. To the extent Plaintiff's Complaint can be liberally construed to assert a due process violation for the deprivation of his property, he has not stated a claim for relief because

3

Plaintiff's allegations of mail tampering implicate his right to free speech under the First Amendment. Even if his allegations substantively state a claim for relief, he would be entitled only to nominal damages because he asserts no actual injury. See Al-Amin v. Smith, 511 F.3d 1317, 1335 (11th Cir. 2008) (noting Eleventh Circuit precedent "recognizes the award of nominal damages for violations of the fundamental constitutional right to free speech absent any actual injury"). Despite being twice informed of the limitation on recovery under the PLRA, Plaintiff again seeks only punitive damages but alleges no physical injury. See Complaint at 33. Rather, he asserts only emotional injury, which is not cognizable as a theory of recovery under the PLRA. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

The availability of nominal damages has not been foreclosed by § 1997e(e). See Brooks v. Warden, 800 F.3d 1295, 1309 (11th Cir. 2015). As such, before dismissing Plaintiff's Complaint, the Court is obliged to consider whether his allegations can be liberally construed to request nominal damages. See Hughes v. Lott, 350 F.3d 1157, 1162-63 (11th Cir. 2003). Of course, this Court is mindful that a pro se Plaintiff is held to less stringent standards than a trained lawyer, and any interpretation of the Complaint

---

an adequate post-deprivation remedy is available. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. Florida provides a statutory remedy for theft. See Fla. Stat. § 772.11(1). See also Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate post-deprivation remedy when law enforcement officers seize or retain personal property).

4

must be liberally considered. Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Upon due consideration, even under a liberal interpretation, Plaintiff's Complaint cannot be construed as requesting nominal damages. Plaintiff requests the following relief:

> Im [sic] actually asking for 280,000 dollars in punitive damages for the pain and suffering I'll seek [sic] while incarcerated away from my family and hindering me from starting my own business. This amount account for all my lost wages and a lost [sic] of a business venture that I started and all the defendant that was involve [sic] with the illegal tampering of my outgoing mail, and the one count of grand thief [sic].

Complaint at 33. Plaintiff's sole request for a large sum of money, which he designates specifically as "punitive damages," cannot be considered a request for nominal damages. See, e.g., Williams v. Langford, No. 2:13-cv-315-FtM-38CM, 2015 WL 163226, at *7 (M.D. Fla. Jan. 12, 2015) (citing Carey v. Piphus, 435 U.S. 247, 266-67 (1978)) (finding a request for $250,000 could not be liberally construed as a request for nominal damages, which generally do not exceed one dollar); Honors v. Judd, No. 8:10-cv-22-T-33AEP, 2011 WL 3498287, at *6 (M.D. Fla. Aug. 10, 2011) (finding the plaintiff's claim was barred under the PLRA because he demonstrated only a de minimis injury and did not seek nominal damages but only punitive and compensatory damages).

Moreover, Plaintiff does not include a request for "other relief" or similarly inclusive language that could be liberally construed as a request for nominal damages. Cf. Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012) (liberally construing the complaint to request nominal damages because the plaintiff

5

asked for "such other relief" to which he may be entitled) (citing Holloway v. Bizzaro, 571 F. Supp. 2d 1270, 1272 (S.D. Fla. 2008) (same); Linehan v. Crosby, No. 4:06-cv-00225-MP-WCS, 2008 WL 3889604, at *13 (N.D. Fla. June 26, 2008) (same)). For these reasons, Plaintiff's Complaint is subject to dismissal under the Court's screening obligation.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Keith L. Jolly